UNITED STATES DISTRICT COURT FILED'11 JAN 13 12:50USDC-ORM
FOR OREGON
MEDFORD DIVISION

Lawrence James Saccato § Case No: 11-3002 CL
    Plaintiff ProSe' §
  §
  § COMPLAINT
Vs. §
  § (Unlawful Debt Collection
  § Practices under 15 USC 1692
Zwicker & Associates § et. seq, and ORS 646.639 et. seq.)
  § (Unlawful Fair Credit Reporting
    Defendant § under 15 USC §1681, et seq)
  §
Discover Financial Services § Trial By Jury Demanded
    Co-Defendant §
  §
Does 1 through 10 §

## PLAINTIFFS' STATEMENT OF CLAIM

COMES NOW the Plaintiff, Lawrence James Saccato the Plaintiff at all times is a resident of Oregon and the County of Douglas. As such establishing the jurisdiction of this honorable Court.

Plaintiff respectfully submits Plaintiffs Statement of Claim and reserves the right to amend the complaint with Does 1 through 10 as they are identified.

**Statement of Claim against Zwicker and Associates, and Does 1 through 10.**

The Defendant Zwicker & Associates (Zwicker) is a 3rd party debt collector located at 388 State Street Ste 420, Salem, Oregon, 97301 as such is governed under the law by The Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p et seq. and also may report these alleged debts

Page -1-

to the national credit reporting agencies i.e. Trans Union, Equifax and Experian and Innovis. As such the Defendant may also be also governed under the law by The Fair Credit Reporting Act 15 USC §1681, et seq. The State of Oregon abides by and adheres to these laws thus establishing the jurisdiction of this honorable court. Specifically section 813 of the FDCPA [15 U.S.C. §1692k (d)] and 618 of the FCRA [15 U.S.C. § 1681p].

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant.

Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt/account is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendant's in an attempt to collect the alleged debt and if applicable reporting of same to the credit bureaus, violated the civil rights of the Plaintiffs and the law as outlined in the Debt Collection Practices Act, 15 U.S.C. §1692-1692p et seq. and the Fair Credit Reporting Act 15 USC §1681, et seq.

1.

On or about November 10, 2009, after reviewing a copy of his credit reports, Plaintiff sent a letter to Defendant Zwicker, in reference to Defendant accessing Plaintiff's Credit Reports what was the permissible purpose they had for being in the reports. Plaintiff also requesting a validation to any alleged account owed.

2.

On or about November 13, 2009, April 26th 2010 and November 17, 2010 after reviewing his credit reports, Plaintiff sent a letters of dispute to the Co-Defendant Discover Financial Services.

3.

On or about November 13, 2009, after reviewing his credit reports, Plaintiff sent letters to the three National Credit Reporting Agencies disputing the Discover account.

4.

The Plaintiff again contacted the Defendant Zwicker on or about December 22, 2010 with a letter of validation of any alleged account with Discover

5.

To date there has been no proof of any alleged account from the Defendant and the Defendant has ceased to stop collection activities.

6.

The Defendant has failed to provide proof/validation of the alleged debt and failed to contact the Plaintiff within (5) five days of the Plaintiff's request for validation as outlined in the DCPA and has performed continued collection activity prior to providing proof of any alleged account. The Defendant has also accessed the Plaintiff's credit reports without a permissible purpose.

7.

### Statement of Claim against Defendants Zwicker:

Count I under DCPA: 15 USC 1692g

Defendant Zwicker on behalf of Discover continued collection activity prior to providing proof of the alleged account. After receiving request for validation on or about November 10, 2009 and December 22, 2010, the Defendant Zwicker has continued collection activity up to an including today in violation of section [15 USC 1692g] of the DCPA at $1000.00 per month times 12 months.

Plaintiff demands Judgment for $12,000.00

8.

Count II under DCPA

§ 1681(b). Permissible purposes of consumer reports.

Defendant Zwicker violated the DCPA § 1681(b) by accessing Plaintiff credit reports without a permissible purpose.
Plaintiff demands $1000.00

Plaintiff re-alleges paragraphs 1 through 8 as though fully set forth herein.

9.

## Statement of Claim against Discover Financial Services.

The Co-Defendant, Discover Financial Services, 2500 Lake Cook Road, Riverwoods, IL 60015, aka Discover Card Services is a creditor and furnisher of information to the national credit reporting agencies within the meaning of Fair Credit Reporting Act 15 USC §1681, et seq.

The State of Oregon abides by and adheres to these laws thus establishing the jurisdiction of this honorable court. Specifically section 618 of the FCRA [15 U.S.C. § 1681p].

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Co-Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt/account is not in question here. But the fact as to how it was or was not verified and reported and the wrongful actions of the Co-Defendant, Discover in their failure to do a proper investigation when disputed. In addition, the Co-Defendant, Discover also reported erroneous and inaccurate information as well as their failure to mark the Plaintiff's credit report in dispute with the National Credit Bureaus, thus violating the civil rights of the Plaintiffs and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, et seq. Co-Defendant, Discover also failed to have the systems in place to prevent errors as required.

10.

## Violations under FCRA:

Beginning on or about November 13, 2009, and subsequently on April 26th 2010 and November 17, 2010, the Plaintiff contacted the Co-Defendant, Discover with a letter(s) with notice of dispute to information they were reporting in the Plaintiffs credit reports. To date the Co-Defendant has not responded to the Plaintiffs dispute. The Plaintiff on or about November 13, 2009 and April 15, 2010, also disputed these trade lines within the Plaintiffs' credit report by certified letter to all three of the national credit reporting agencies Trans Union, Experian and Equifax. The agencies have responded that they are reporting the information correctly.

11.

## Count III under FCRA

Reporting erroneous and inaccurate information in the Plaintiffs Credit Report. Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]: of the FCRA as the Co-Defendant Discover has not provided any proof of any alleged account/debt to the Plaintiff.

$1000.00 for each month the Co-Defendant has reported the erroneous and inaccurate information in each of the Plaintiffs credit reports.

Plaintiff demands judgment in the amount of $36,000.00.

12.

## Count IV under FCRA

Failure to mark the Plaintiffs credit report in Dispute section [15 U.S.C. § 1681s-2] under FCRA upon notice of Dispute sent to the Co-Defendant Discover, on or about November 13, 2009 and again on April 15, 2010 the Co-Defendant has failed to mark the Plaintiff's credit report in dispute through today. $1000.00 for each month the defendant has failed to mark the account in dispute in each of the credit bureaus.

Plaintiff demands judgment in the amount of $36,000.00

13.

## Count V

### NEGLIGENT AND WANTON HIRING AND SUPERVISION

Defendants Zwicker, Discover and does 1 through 10, negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and credit reporting personnel and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff. Plaintiff demands for an award of actual damages from Defendants for the all actual damages caused by Defendants, plus punitive damage; and for such other and further relief as may be just and proper.

14.

## Count VI

### INJUNCTIVE RELIEF SOUGHT

Injunctive relief is provided by 15 U.S.C. § 1681 and 15 U.S.C. §1692.

WHEREFORE, Plaintiff demands that the Court, mandatorily, enjoin Defendants Zwicker and Associates and Discover Financial Services from attempting to collect on any alleged debt or account. And the Plaintiff demands that the Court mandatorily, enjoin the Defendants to permanently delete any derogatory information on Plaintiffs credit reports that are inaccurate, misleading and/or unverifiable.


Plaintiff also seeks private attorney generals fees in the amount of $3,000.00 as it has been determined that pro se litigants are entitled to the same fees as a licensed bar attorney would receive for his services. (see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir., 1997)"The concept of the "private attorney general" refers to private individuals who institute actions to enforce certain statutes, where such private enforcement actions are the intended, and sometimes only, means of enforcement. The award of reasonable attorney's fees provides an incentive for individuals to "serve" as private attorneys general. See, e.g., Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991). "

The Law of Agency applies in this matter.

Plaintiff re-alleges paragraphs 1 through 14 as though fully set forth herein.

## Summary

Plaintiff has a negatively impacted credit score and credit report as of this date and has been denied credit and/or denied credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and collection's and/or inaction's of the Defendant's.

Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants, Zwicker, Discover and does 1 through 10, in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

The only way that abusive debt collectors like Defendants Zwicker and Does 1 through 10, will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiffs for the harm done to Plaintiff, and by a punitive damage award in excess of $75,000. A punitive damage award in excess of $75,000 will get the attention of Defendants Zwicker, Discover and Does 1 through 10 and other abusive debt collectors and credit providers so that they will realize that it no longer makes economic sense to abuse consumers in Oregon and to gain an unfair competitive advantage over honorable, law abiding collectors and providers.

A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

A full compensatory damage award and full punitive damage award will also accomplish the goals of Congress in passing the FCRA- stop abusive Creditors from their willful disregard to their requirements of completing a proper investigation into disputes, proper communication and notification to the reporting agencies and the consumers. It will also make them take notice that they do have a requirement to have the systems in place to prevent errors, and that reporting erroneous and inaccurate information has consequences when the laws governing their actions are breached.

WHEREFORE, the Defendant's have violated the Fair Credit Reporting Act and the Debt Collections Practices Act. Plaintiff demands Judgment in the amount of $95,000.00, plus all costs of this action along with punitive damages in the amount of $75,000.00.

Respectfully submitted this 11th day of January, 2011.

*Lawrence Saccato*
Lawrence James Saccato pro se'
C/o 6387 Old Hwy 99 S
Roseburg Oregon 97471
541-784-2284 mess.
Ljsaccato@gmail.com