DONNA SMITH, ESQ. BAR #02094
ZWICKER & ASSOCIATES, P.C.
10824 SE Oak St
PMB 401
Milwaukie, OR 97222
Telephone: (503)786-6119 ext. 225
Facsimile:  (503) 786-6130
dsmith@zwickerpc.com
Attorneys for Defendant Zwicker & Associates, P.C.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISON

| | |
|---|---|
| **LAWRENCE JAMES SACCATO,**<br>　　　　　　**Plaintiff**<br>v.<br><br>**ZWICKER & ASSOCIATES, P.C. and DISCOVER FINANCIAL SERVICES,**<br>　　　　　　**Defendants** | Case No.: 6:11-cv-03002-HO<br><br>ZWICKER & ASSOCIATES, P.C.'S ANSWER TO THE AMENDED COMPLAINT OF LAWRENCE JAMES SACCATO |

　　　　Defendant Zwicker & Associates, P.C. ("Zwicker"), a Massachusetts law firm and professional corporation, hereby responds to the Amended Complaint filed by plaintiff Lawrence James Saccato ("Saccato").  Preliminarily, Zwicker states that it is a debt collection law firm retained by Zwicker's client, a publicly-held original creditor, for the purpose of trying to collect monies owed on Saccato's credit card account ("the account").

First Defense

　　　　Zwicker responds as follows to the individually-titled and/or individually-numbered paragraphs of the Amended Complaint:

Statement of Claim against Zwicker and Associates, and Does 1 through 10

Zwicker admits it is a debt collector governed under the law by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.  Further answering, Zwicker states that it is a law firm and professional corporation organized under the laws of Massachusetts with a principal place of business at 80 Minuteman Road, Andover, MA 01810 with a branch office located in Milwaukie, Oregon.  Zwicker admits it did not have any "contractual agreement for credit, loans or services relationship [sic]" with Saccato.  Further answering, Zwicker states it was retained by Zwicker's client, an original creditor, for the purpose of collecting monies owed to Zwicker's client on Saccato's account.  Zwicker denies all remaining allegations and all inconsistent allegations contained in this paragraph.

1. Zwicker denies the allegations contained in this paragraph.  Further answering, Zwicker states that to the extent that it reviewed credit reporting information regarding Saccato, Zwicker did so for a "permissible purpose" as defined under the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*.

2. Zwicker lacks knowledge or information sufficient to form a belief as to the truth of the matters stated in this paragraph.

3. Zwicker lacks knowledge or information sufficient to form a belief as to the truth of the matters stated in this paragraph.

4. Zwicker denies the allegations contained in this paragraph except that Zwicker admits that it received a letter from Saccato dated December 22, 2010.

5. Zwicker denies the allegations contained in this paragraph.

6. Zwicker denies the allegations contained in this paragraph.  Further answering, Zwicker states as follows:  The FDCPA does not require a debt collector to contact the consumer

within five (5) days of the consumer's request for validation or within any other specified period of time. Rather, the FDCPA only requires the debt collector to cease collection of the debt until the debt collector mails a copy of the verification of the debt to the consumer. To the extent that Zwicker reviewed credit reporting information regarding Saccato, such review is expressly permitted under 15 U.S.C. §1681b(a)(3)(A).

      7.     Zwicker denies the allegations contained in this paragraph.

      8.     Zwicker denies the allegations contained in this paragraph.

Zwicker incorporates by references its responses to paragraphs 1 through 8 above as if fully set forth herein.

      9.     No response is required as the allegations contained in this paragraph are not directed at Zwicker.

      10.     No response is required as the allegations contained in this paragraph are not directed at Zwicker.

      11.     No response is required as the allegations contained in this paragraph are not directed at Zwicker.

      12.     No response is required as the allegations contained in this paragraph are not directed at Zwicker.

Zwicker incorporates by reference its responses to paragraphs 1 through 12 above as if fully set forth herein.

      13.     No response is required as the allegations contained in this paragraph are not directed at Zwicker.

14. No response is required as this paragraph sets forth only a summary of statutory provisions and the language of the statute speaks for itself. Further answering, Zwicker states that it does not furnish information to credit reporting agencies.

15. No response is required as the allegations contained in this paragraph are not directed at Zwicker.

16. Zwicker denies that Saccato is entitled to injunctive relief.

Zwicker denies all of the allegations set forth in each of the paragraphs (all of which are un-numbered) appearing on page 8 of the Amended Complaint, including but not limited to those contained in the "Summary" section.

Zwicker incorporates by references its responses to paragraphs 1 through 16 above as if fully set forth herein.

Responding to Saccato's prayer for relief, Zwicker denies that Saccato is entitled to any damages, costs, attorney's fees or other relief.

## Second Defense

The Amended Complaint should be dismissed pursuant to Fed.R.Civ.P 12(b)(6) for failure to state a claim upon which relief may be granted.

## Third Defense

Saccato's claims are or may be barred by applicable statutes of limitation.

## Fourth Defense

If any violation of any applicable law occurred, which Zwicker denies, such violation was the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### Fifth Defense

If Saccato has incurred any harm or damages, which Zwicker denies, such harm or damage was caused by Saccato himself or by other persons for whose conduct Zwicker is not responsible.

### Sixth Defense

If Saccato has incurred any harm or damages, which Zwicker denies, he has failed to take reasonable action to mitigate his alleged damages.

### Seventh Defense

Saccato has waived his claims.

### Eighth Defense

Saccato is estopped from asserting his claims.

WHEREFORE, Zwicker respectfully requests that this Court

1. Enter judgment in Zwicker's favor as to all of Saccato's claims;

2. Award Zwicker its attorneys fees and costs incurred in defending this action; and

3. Award Zwicker such other and further relief as this Court may deem just and proper.


Dated: June 23, 2011

                                   ZWICKER & ASSOCIATES, P.C.

                                   By its attorneys,


                                   /s/Donna Smith_____
                                   Donna Smith, Esq. Bar # 02094
                                   Zwicker & Associates, P.C.
                                   10824 SE Oak Street, PMB 401
                                   Milwaukie, OR 97222
                                   Tel. 503-786-6119 ext 225
                                   Fax 503-786-6130
                                   dsmith@zwickerpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2011 I electronically filed Zwicker & Associates, P.C.'s Answer to the Amended Complaint of Lawrence James Saccato with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the below counsel of record.

Pilar C. French, Esq.
frenchp@lanepowell.com

A true and correct copy of Zwicker & Associates, P.C.'s Answer to the Amended Complaint of Lawrence James Saccato has been served on the pro se plaintiff below via U.S. Mail on June 23, 2011.

Lawrence James Saccato
6387 Old Hwy 99 S
Roseburg, OR 97471

        /s/Donna Smith_____
        Donna Smith, Esq.