**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**Brian T. Kiolbasa**, admitted *pro hac vice*
kiolbasab@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant Discover Products, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **Lawrence James Saccato,**<br><br>Plaintiff,<br><br>vs.<br><br>**Zwicker & Associates; Discover Financial Services; and Does 1 through 10,**<br><br>Defendants. | Case No. 11-CV-03002-HO<br><br>DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT |

## I. INTRODUCTION

This lawsuit involves a dispute between an individual, Lawrence James Saccato, one of his creditors, Discover Products, Inc. ("Discover"),[1] and a third-party debt collector retained by Discover for the purpose of collecting debts owed by plaintiff, Zwicker & Associates, P.C. ("Zwicker"). Plaintiff brings certain claims against Zwicker for alleged violations of the Fair

---

[1] Discover Products, Inc. is a subsidiary of Discover Bank, and has been incorrectly named in the amended complaint as "Discover Financial Services."

PAGE 1 -   DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and claims against both Zwicker and Discover for allegedly violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

Essentially, plaintiff alleges that Zwicker, acting as a debt collector, improperly accessed his credit reports and continued collection activity before responding to his requests for validation of his credit account with Discover. Plaintiff also contends that Discover supplied inaccurate information to various credit reporting agencies, that Discover failed to mark his account "in dispute" following multiple communications contesting the information contained in the reports, and that Discover both negligently and willfully reported information with knowledge that it was inaccurate. Plaintiff also seeks injunctive relief against both Zwicker and Discover, enjoining them from further attempting to collect any debt, requiring that his credit reports be cleared of any inaccurate information, and awarding him attorney fees for pursuing this action as a *pro se* litigant.

However, plaintiff cannot maintain his claims against Discover because the applicable provisions of the FCRA do not provide plaintiff with a private cause of action, and even if it did, plaintiff has failed to allege facts which would support a claim for relief. For those reasons, the allegations of plaintiff's amended complaint directed at Discover (Counts III, IV, V, VI and VII), should be dismissed.

## II. STATEMENT OF FACTS[2]

At the outset of his allegations against Discover, plaintiff "denies ever having any contractual agreement for credit, loans or services relationship with [Discover]." (Amended

---

[2] Discover treats the allegations contained in the amended complaint as true for the purposes of this motion only, and does not address those claims directed at Zwicker.

PAGE 2 -   DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN
           SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Complaint ("AC") ¶ 9.) However, plaintiff goes on to state that even if he did have such an agreement, the issue is not the account itself, but "how it was or was not verified and reported and the wrongful actions of [Discover] in [its] failure to do a proper investigation when disputed." *Id.* Plaintiff also states that Discover "also reported erroneous and inaccurate information," and failed to mark plaintiff's credit report in dispute with the national credit bureaus. *Id.* Plaintiff contends that Discover has therefore violated the FCRA.

Plaintiff adds color to his claims by alleging that on three separate occasions—November 13, 2009, April 26, 2010; and November 17, 2010—he sent letters to Discover that disputed information that was being reported on his credit report. (AC ¶ 10.) Plaintiff also contends that he contacted the three major credit reporting bureaus to dispute the errors on November 13, 2009 and April 15, 2010. *Id.* According to plaintiff, the agencies responded that they were reporting accurate information. *Id.* Plaintiff has not detailed who the letters were addressed to, what information they contained, or any other details, nor has he attached the alleged communications as exhibits to his amended complaint.

### III. DISCUSSION

Although not specifically stated in the pleadings itself, plaintiff's claims appear to be based primarily on Discover's alleged violation of Section 1681s-2(a) of the FCRA. (AC ¶¶ 9-15.)

Count III of the amended complaint alleges that Discover "[r]eport[ed] erroneous and inaccurate information" in plaintiff's credit report. (AC ¶ 11.) Section 1681s-2(a)(1) prohibits furnishing information relating to a consumer to any consumer reporting agency ("CRA") if the person reporting the information has knowledge or reasonable cause to believe the information is

PAGE 3 -   DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN
           SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

inaccurate, or if the person has been notified by the consumer that the information is inaccurate and the information is, in fact, inaccurate. 15 U.S.C. §§ 1681s-2(a)(1)(A), (B).

Plaintiff alleges in Count IV that Discover "[f]ail[ed] to mark the Plaintiff's credit report in Dispute * * * under FCRA upon notice of Dispute sent to the Co-Defendant Discover, on or about November 13, 2009 and again on April 15, 2010 * * *." (AC ¶ 12.) Section 1681s-2(a)(3) prevents a furnisher of information (such as Discover) from providing information to a CRA after the information has been disputed by the consumer without noting that the information is disputed. 15 U.S.C. § 1681s-2(a)(3).

Count V states only that "Co-Defendant Discover again violated the FCRA," and goes on to recite a portion of Section 1681n, which provides civil liability, statutory penalties, and an award of costs and attorney fees for willful noncompliance with the FCRA. 15 U.S.C. § 1681n. Count V does not allege independent facts or describe how Discover's purported violation was willful, but rather seems to rely on the previously stated allegations.

Plaintiff's Count VI simply recites a portion of 15 U.S.C. §§ 1681s-2(a)(1)(A), (B) without commentary.

Count VII, in a similar fashion to Count V, states Co-Defendant Discover also violated Section 1681o, which provides for civil liability and an award of costs and attorney fees for the negligent failure to comply with the FCRA. 15 U.S.C. § 1681o. The basis for plaintiff's claim is not articulated.

Each of plaintiff's FCRA claims aimed at Discover fail because: (1) no private right of action as asserted against Discover is authorized by the FCRA; (2) plaintiff has not alleged that any of the CRAs notified Discover of his purported disputes of the information contained in his credit report; and (3) plaintiff has not alleged facts which support his claims, but merely recites

PAGE 4 -   DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN
           SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

portions of the FCRA and concludes that he has been harmed. Accordingly, plaintiff has failed to state a claim upon which relief may be granted, and dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate.

### A.    Legal Standard.

A complaint must be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Generally, a complaint can survive a motion to dismiss if it meets the minimal pleading requirements of Rule 8(a)(2). *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 573 (2007). The United States Supreme Court has recently made clear that Rule 8 requires that a complaint contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Similarly, a "naked assertion" without "further factual enhancement" does not suffice. *Id.* at 557. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S. Ct. at 1950. In *Twombly,* 550 U.S. at 570, the Supreme Court held that a court must dismiss a complaint when a plaintiff has not pleaded "enough *facts* to state a claim to relief that is plausible on its face" (emphasis added); *see Iqbal,* 129 S. Ct. at 1960 (*Twombly's* pleading standards apply to all claims).

The higher pleading standards of *Iqbal* remain applicable to pro se pleadings, although they should be liberally construed to give the pro se party the benefit of the doubt. *Hebbe v.*

PAGE 5 -    DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN
            SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

*Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, even under relaxed pleading standards, plaintiff's amended complaint does not pass muster under Rule 12(b)(6) and should be dismissed.

B.  **Section 1681s-2(a) of the FCRA Does Not Provide Plaintiff a Private Cause of Action Against Discover.**

Section 1681s-2(a) addresses the duties of furnishers of credit information and requires furnishers "to provide accurate information to credit reporting agencies." *See* 15 U.S.C. §§ 1681s-2(a)(1)(A), (B). The term "furnisher of information" is not specifically defined in the FCRA, but case law has "defined it as an entity 'which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, MCCA, and Trans Union.'" *DiMezza v. First USA Bank, Inc.*, 103 F. Supp. 2d 1296, 1299 (D. N.M. 2000). Discover does not dispute that it qualifies as a "furnisher of information" for the purposes of the FCRA.

Plaintiff's claims are apparently based upon alleged violations of Section 1681s-2(a)(1) and (3) by Discover (*see* AC ¶¶ 9–15). Section 1681s-2(a) provides in relevant part:

> [A] [furnisher] shall not furnish information * * * to any consumer reporting agency if the [furnisher] knows or has reasonable cause to believe that the information is inaccurate.
>
> * * * *
>
> A [furnisher] shall not furnish information * * * to any consumer reporting agency if – the [furnisher] has been notified by the consumer * * * that [the] specific information is inaccurate * * * and the information is, in fact, inaccurate.
>
> * * * *
>
> If the completeness or accuracy of any information furnished * * * to any consumer reporting agency is disputed to [the furnisher] by a consumer, the person may not furnish the

PAGE 6 -   DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

> information to any consumer reporting agency without notice that such information is disputed by the consumer.

See 15 U.S.C. §§ 1681s-2(a)(1)(A); 1681s-2(a)(1)(B); 1681s-2(a)(3).

However, a claim based on these provisions by a private individual is not authorized by statute, and in fact is expressly prohibited. Plaintiff's claim is barred because the FCRA dictates that these provisions of Section 1681s-2(a) "shall be enforced exclusively * * * by the Federal agencies and officials and the State officials * * *." See 15 U.S.C. § 1681s-2(d). Accordingly, the FTC has exclusive enforcement power over Section 1681s-2(a), and there is no private right of action for a violation of the section. See *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (noting that private enforcement of Sections 1681s-2(a) through the use of 1681n and 1681o is excluded); *Johnson v. Franchise Tax Board*, 61 Fed. App'x 494, 495 (9th Cir. 2003) (affirming district court's dismissal of the plaintiff's FCRA claim because claims under the FCRA Section 1681s-2(a) may only be enforced by federal and state officials); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009) (holding that consumer has no private right of action under § 1681s-2(a)(3) because claims made under subsection (a) of the FCRA may only be pursued by federal or state officials); *Riley v. GMAC*, 226 F. Supp. 2d 1316, 1319 (S.D. Ala. 2002) (holding that because the plaintiff was not the Attorney General of Alabama or a federal official, he had no standing to allege claims under Section 1681s-2(a)).

The Ninth Circuit has expressly recognized that no private right of action exists under Section 1681s-2(a), and has outlined Congress's reasoning behind the limitation:

> It can be inferred from the structure of the statute [FCRA] that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties imposed by §1681s-2(a) to governmental bodies. But Congress did provide a filtering mechanism in §1681s-2(b) by making the disputatious consumer notify a CRA [credit reporting

PAGE 7 -   DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN
           SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

118144.0036/5139694.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

> agency] and setting up the CRA to receive notice of the investigation by the furnisher.

*Nelson*, 282 F.3d at 1060.

Plaintiff's allegations fall squarely within the provisions of Section 1681s-2(a): "Discover * * * fail[ed] to do a proper investigation when disputed" and "Discover also reported erroneous and inaccurate information * * * [and failed] to mark the Plaintiff's credit report in dispute with the National Credit Bureaus * * *." (AC ¶ 9). The allegations of Counts III, IV, and VI, that Discover reported erroneous or inaccurate information and failed to mark plaintiff's account in dispute, fall under Section 1681s-2(a)(1) and (3) of the FCRA. Accordingly, plaintiff cannot maintain his FCRA claims, and the Court should therefore dismiss plaintiff's FCRA claims with prejudice.

For the same reasons discussed above, plaintiff is prevented from attempting to enforce the FCRA through sections 1681n or 1681o. Counts V and VII of plaintiff's amended complaint allege that Discover is liable for willful and negligent noncompliance with the FCRA, but do not allege any other violations distinct from those in Counts III, IV, and VI. (AC ¶¶ 13, 15.) However, as the statutory text makes clear, only federal and state officials may enforce provisions of those sections. *See* 15 U.S.C. §§ 1681(c), (d); *Nelson*, 282 F.3d at 1059 ("private enforcement under §§ 1681n & o is excluded [from the provisions of the FCRA arising under Section 1681s-2(a)]."). Counts V and VII should also be dismissed.

C.  **Plaintiff Has Failed to Allege that Discover Received Notice of Dispute from Any Credit Reporting Agency.**

Plaintiff's claims must be dismissed even if he attempts to go forward on his FCRA claims under a provision other than Section 1681s-2(a). Plaintiff's amended complaint makes no reference to Section 1681s-2(b), but even if it did, plaintiff's failure to allege that any CRA notified Discover of his dispute is fatal to his FCRA claims.

The FCRA places certain duties on persons who furnish an individual's financial information to consumer reporting agencies. These duties are imposed on furnishers by

PAGE 8 -   DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Section 1681s-2(b) only when the CRA notifies the furnisher that the consumer disputes the information. *See* 15 U.S.C. § 1681s-2(b) ("After receiving notice * * * of a dispute with regard to the completeness or accuracy of any information *provided by a person to a consumer reporting agency*, the person shall * * *."); *Gorman* 584 F.3d at 1154-55; *see also Nelson*, 282 F.3d at 1059–60 (stating that subsection 1681s-2(b) "specifies what happens after a CRA receives notice 'pursuant to section 1681i(a)(2) * * * of a dispute with regard to the completeness or accuracy of information provided by a person' to the CRA."). Under the plain language of the statute, the furnisher's duty to investigate and make corrections is triggered by proper notice. *Id.*; *see also Ehreth v. Capital One Serv., Inc.*, No. C08-0258RSL, 2008 U.S. Dist. LEXIS 64404, at *4 (W.D. Wash. Aug. 19, 2008). The statute provides that the notice must come *from the CRA*; interpretative case law holds that notice from the consumer is *not* proper notice, and that the notice of a dispute must be from a CRA. *See Gorman*, 584 F.3d at 1154; *Nelson*, 282 F.3d at 1060; *McNall v. Credit Bureau of Josephine County*, No. 07-3075-CL, 2010 U.S. Dist. LEXIS 11359, at *15–16 (D. Or. Feb. 5, 2010).

A consumer who fails to initiate the dispute with the CRA directly and instead deals only with the furnisher of information cannot invoke the remedies of 15 U.S.C. § 1681s-2(b). *See Nelson*, 282 F.3d at 1060; *Smith v. Citibank, N.A.*, 2001 WL 34029057 (W.D. Mo. Oct. 3, 2001); *Aklagi v. Nationscredit Fin. Serv. Corp.*, 196 F. Supp. 2d 1186, 1193 (D. Kan. 2002); *Hasvold v. First USA Bank*, 194 F.Supp.2d 1228 (D. Wyo. 2002). Therefore, to state a claim under the FCRA against Discover, as a furnisher of credit information, plaintiff must allege: (i) that he contacted one or more of the CRAs; (ii) that at least one CRA pursued the claim and found it viable; and (iii) that at least one CRA contacted Discover regarding the dispute, triggering Discover's duty to investigate. *See Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005); *Steinmetz v. General Elec. Co.*, No. 08-CV-1635-JM, 2009 U.S. Dist. LEXIS 98640, at *8 (S.D. Cal. Oct. 22, 2009). Plaintiff has not met these elements.

PAGE 9 -  DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

118144.0036/5139694.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

D. **Plaintiff Has Failed to Plead Facts Which Suggest His Claims are Plausible.**

Plaintiff has made vague allegations that he notified or disputed the supposedly inaccurate information with the CRAs, but he has not alleged facts sufficient to state a claim for relief that is plausible on its face. Plaintiff's amended complaint makes allegations that are merely consistent with a potential violation of the FCRA (AC ¶ 10), recites several provisions contained in the FCRA (*Id.* at ¶¶ 11-15), and concludes that he has been harmed. (*Id.* p. 8.). Plaintiff's amended complaint does not make the kind of factual allegations mandated under the *Twombly* and *Iqbal* cases that federal courts require in order to state a claim with facial plausibility.

Additionally, plaintiff states that "[t]he agencies have responded that they are reporting the information correctly." (AC ¶ 10.) Thus, plaintiff has not alleged that any of the CRAs found his disputes viable, but to the contrary, that each of his disputes lacked merit.[3] Also, plaintiff has not identified which of the CRAs responded to him, or provided any detail as to the nature of his claims or the CRAs' responses. These failures are fatal to plaintiff's claim because his allegations do no more than merely make "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. As a result, plaintiff has not complied with Rule 8, and dismissal pursuant to Rule 12(b)(6) is appropriate.

E. **In the Alternative, Plaintiff's Request for Attorney Fees Must Be Stricken Because Pro Se Parties May Not Recover Attorney Fees.**

In the event that any of plaintiff's claims survive Discover's motion to dismiss, his request for "private attorney general fees" should be stricken. Plaintiff seeks the sum of $3,000, and states that "it has been determined that pro se litigants are entitled to the same fees as a licensed bar attorney would receive for his services." (AC p. 8.) Plaintiff cites two cases in support of the relief he seeks, *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir.

---

[3] The FCRA also exempts frivolous or irrelevant disputes that arise where the consumer does not provide sufficient information to investigate the disputed information or the dispute is substantially the same as a previous dispute. *See* 15 U.S.C. § 1681s-2(a)(8)(F).

PAGE 10 - DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

1997), and *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991). However, neither lends support to his claim because they are based on facts which are incongruent to the present case.

In *Zagorski*, the debtors—who were represented by counsel—brought an action under the FDCPA against a debt collector, who stipulated to entry of judgment against it. Plaintiff then moved for attorney fees, which the district court denied. On appeal, the Seventh Circuit reversed. The court noted that the fee provision in the FDCPA was mandatory, in part because "[i]n order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Zagorski*, 128 F.3d at 1167 (citations omitted).

In *Graziano*, a debtor—also represented by counsel—brought several claims against an attorney acting as a debt collector under the FDCPA. The district court dismissed all but one of the plaintiff-debtor's claims, on which it granted summary judgment for plaintiff and awarded $50 in damages, then denied his request for attorney fees. *Graziano*, 128 F.2d at 110-11. The Third Circuit reversed the district court on the issue of attorney fees,[4] finding that the FDCPA, "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Id.* at 113.

Both *Zagorski* and *Graziano* are clearly distinguishable from the present case. In each of those cases, the plaintiffs were represented by legal counsel. This distinction alone is fatal to plaintiff's claim for relief, because pro se litigants are not entitled to recover attorney fees. *See Hannon v. Security Nat. Bank*, 537 F.2d 327, 328-29 (9th Cir. 1976) (holding that a pro se law school graduate who was not licensed to practice law could not recover attorney fees following a successful action based on the Truth in Lending Act, and stating "[h]ad Congress wished to compensate non-attorneys for 'services' rendered on their own behalf in pressing their individual claims, it certainly could have done so. Absent such an expression, we cannot rewrite the

---

[4] The Third Circuit also reversed the district court's grant of summary judgment in favor of defendant on one FDCPA claim.

PAGE 11 - DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

statute.").[5] Accordingly, if any part of plaintiff's claim survives Discover's motion to dismiss, his request for attorney fees must be stricken.

## V. CONCLUSION

For the reasons stated above, plaintiff's amended complaint (ECF No. 6) should be dismissed with prejudice. In the alternative, his motion for attorney fees should be stricken.

DATED: July 29, 2011

LANE POWELL PC

By _____/s/ B. T. Kiolbasa_____
Pilar C. French, OSB No. 962880
Telephone: 503.778.2170
Brian T. Kiolbasa, admitted *pro hac vice*
Telephone: 503.778.2103
Attorneys for Defendant Discover Products, Inc.

---

[5] The Ninth Circuit has made similar findings and denied attorney fees to successful pro se parties in a variety of types of cases. *See, e.g., Carter v. Veterans Administration*, 780 F.2d 1479 (9th Cir. 1986) (Freedom of Information Act); *Merrell v. Block*, 809 F. 2d 639 (9th Cir. 1987) (National Environmental Policy Act via the Equal Access to Justice Act).

PAGE 12 - DEFENDANT DISCOVERY PRODUCTS, INC.'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2011, I caused to be served a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT on the following person(s) in the manner indicated below at the following address(es):

Lawrence James Saccato
Pro Se
6387 Old Hwy 99S
Roseburg, OR 97471

- ☑ by **CM/ECF**
- ☐ by **Electronic Mail**
- ☐ by **Facsimile Transmission**
- ☑ by **First Class Mail**
- ☐ by **Hand Delivery**
- ☐ by **Overnight Delivery**

_____
Brian T. Kiolbasa

CERTIFICATE OF SERVICE