IN THE UNITED STATES DISTRICT COURT
FOR OREGON EUGENE DIVISION

FILED08 AUG '11 10:08USDC-ORE

HONORABLE JUDGE MICHAEL R. HOGAN

| | | |
|---|---|---|
| LAWRENCE JAMES SACCATO, | § § | CIVIL ACTION NO.11-3002-HO |
| Plaintiff, ProSe' | § § | MOTION IN OPPOSITION TO |
| vs. | § § | CO-DEFENDANT DISCOVER FINANCIAL SERVICES MOTION |
| ZWICKER & ASSOCIATES | § § | TO DISMISS |
| Defendant | § § § | (Unlawful Fair Credit Reporting under 15 USC §1681, *et seq* |
| DISCOVER FINANCIAL SERVICES, | § § | |
| Co-Defendant, | § | |

## OPPOSITION TO MOTION TO DISMISS

(1)

The Plaintiff has received the Co-Defendant, "Discover" response to the complaint in the form of a Motion to Dismiss pursuant to Rule 12(b)(6) and states as follows:

May it please the Court, the Plaintiff has disputed with the Creditor Discover Financial Services, and the three National Credit Reporting Agencies in the same time period and can produced Certified Mailings by Notary Public of the Disputes as evidence in this case.

(2)

This case is NOT about alleged accounts owned or monies owed or alleged debts. These laws, the FAIR CREDIT REPORTING ACT (FCRA) and the FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) are geared at what the providers of accounts, credit grantors, debt collectors or divisions of companies that have internal debt collectors and credit reporters and or furnishers of credit information belonging to a consumer are required to do upon notification of dispute or validations of said accounts.

(3)

## NOTICE PLEADING

Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging he is entitled to relief. *Federal Rule of Civil Procedure 8(a);Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974); *Hrubec v. Nat. R.Pass. Corp.*, 981 F.2d 962 (7th Cir. 1992). Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. *Hostrop v. Board of Junior College District No. 1*, 523 F.2d 569 (7th Cir. 1975), cert. denied, 425 U.S. 963, 48 L. Ed.2d 208, 96 S.Ct. 1748 (1975). There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. *Maynard v. General Electric Company*, 486 F.2d 538 (4th Cir. 1973). Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. *Neizil v. Williams*, 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); *Ambling v.Blackstone Cattle Co.*, 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987).

The complaint must be in general terms and need not be stated within a framework of a cause of action. *Stanley v. Harper Buffing Machine Co.*, 28 F.R.D. 579 (U.S.D.C. Conn. 1961). Legal conclusions or statements of law must not be alleged in the complaint. *Curacao Trading Co. v. Fed. Ins. Co.*, 3 F.R.D. 203 (U.S.D.C. N.Y. 1942). Further, plaintiff need not allege a theory of action. *Id.* Plaintiff need not specify under what law(s) her case arises. *Ghebreslassie v. Coleman Secur. Svc.*, 829 F.2d 892 (9th Cir. 1987).

Plaintiff need not plead state laws. *Lumbermans Mut. Cas. Co. v. Norris Grain Co.*, 343 F.2d 670 (8th Cir. 1965). State laws should not be plead as the federal court will take judicial notice of applicable state laws. *Bower v. Casanave*, 44 F. Supp. 501 (U.S.D.C. N.Y. 1941). Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied by the court. Federal courts employ notice pleadings. Plaintiff has done much more than merely put Defendants on notice of his claims. *Fed.R.Civ.Proc. 8*.

(4)
## DISCOVER'S MOTION TO DISMISS SHOULD BE DENIED

Pursuant to Federal Rules of Civil Procedure 12(b) (6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b) (6), the court must treat the facts alleged in the complaint as admitted. *Ward v. Hudnall*, 366 F.2d 247 (5th Cir. 1966); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989). Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn therefrom. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683 (1974); *Miree v. Dekalb County, Georgia*, 433 U.S. 25, 97 S.Ct. 2490 (1977).

If admitted and taken as true, the allegations of the plaintiff's complaint do state claims upon which relief can be granted. Motions to Dismiss are not favored and are granted only when it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief. *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201 (6th Cir. 1961). In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001).

*Erickson*, 127 S.Ct. at 2200. **In *Erickson*,** the Supreme Court stressed the ***pro se*** status of the plaintiff in *Erickson* — a far cry from the highly sophisticated antitrust counsel in *Bell Atlantic*: The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is " to be liberally construed,"

*Estelle [v. Gamble]*, 429 U.S. [97] at 106, 97 S.Ct. 285, and " a pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) (".. All pleadings shall be so construed as to do substantial justice" ).

**And,** Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... the claim and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, ----, 127 S.Ct. 1955, --- L.Ed.2d ----, ---- - ---- (2007) (slip op., at 7- (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra,* at 1955, 127 S.Ct. 1955 (slip op., at 8-9) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L. Ed.2d 90 (1974)). *Erickson*, 127 S.Ct. at 2200.

(5)
**The Plaintiff clearly Stated a Claim upon which relief can be granted:**

After being unable to resolve this matter through communications with the defendant, directly and via the credit reporting agencies, Plaintiff brought a number of state and federal claims against the defendant, including but not limited to the FCRA provision, section(s) 1681s-2(b), (n)(o). Plaintiff's complaint is well-plead and more than adequate and does comply with *Federal Rule of Civil Procedure 8(a)*.

(6)

## Defendant alleges that 1681-s(2) 15 U.S.C. 1681S-2(B)
## Does Not Provide a Private Right of Action

DISCOVER brought this motion to dismiss each and every count against them including violations of section 1681s-(2). There is plainly a private right and cause of action under section 1681s-2(b). See, for example, *Whitesides v. Equifax Credit Information Services, et al*, 125 F. Supp.2d 807 and 125 F. Supp.2d 813 (U.S.D.C. W.D. La. 2000) (two opinions) (on point factually and legally); *Nelson v. Chase Manhattan Mortgage*, _____ F.3d _____, 2002 Westlaw 316714 (9th Cir. 2002) (Nev.) (3/1/02) (finding a private right of action under 1681s-2(b) and noting an overwhelming authority (roughly 30 district courts) rejecting the erroneous *Carney v. Experian Information Solutions, Inc.*, 57 F. Supp.2d 496 (U.S.D.C. W.D. Tenn. 1999) (which also bought into the ill-fated 1681t(b)(1)(F) position of defendant), decision.

Dornhecker ro. Ameritech Corp., 99 F. Supp. 2d 918 (N.D. Ill. 2000). A U.S. district court held that the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 et seq., permits consumers to bring private causes of action against furnishers of information to credit reporting agencies who fail to properly investigate disputed credit information.

(7)

The Federal Trade Commission also recognizes, however, the importance of private enforcement actions as a vital additional means of securing compliance with the FCRA's requirements. Congress has provided broad authority for consumers to seek damages for the violation of the FCRA by "any person." 15 U.S.C.§§ 1681n, 1681o.

As in any matter of statutory interpretation, the inquiry begins (and often ends) "with the plain meaning of the statute's language." *See Botosan v. Paul McNally Realty*, __ F.3d __, 2000 WL 781015 at *3 (9th Cir. June 20, 2000) (citing *United States v. Alvarez-Sanchez*, 511 U.S. 350,

356 (1994)). Where, as here, Congress has clearly and expressly provided for a private right of action, no prior case law is necessary. In the present case, the language creating the private cause of action could hardly be more clear. Sections 616 and 617 of the Act, 15 U.S.C. §§ 1681n, 1681o, expressly create private damage actions for, respectively, willful and negligent violations of the FCRA.

(8)

The issues in this complaint are **not** of any alleged debt, but the information and methods that Discover reported and didn't report into the Plaintiff's credit reports and it's lack of having the proper systems in place to prevent errors.

(9)

## CONCLUSION

Plaintiff believes he had addressed and opposed each and every argument submitted by Mover defendant. Plaintiff intends to oppose each such argument and request by Mover. None of the claims by Discover are subject to dismissal and are not properly plead.

Plaintiff respectfully asserts that Discover's motion should be denied.

The Plaintiff will be glad to participate in any reasonable settlement negotiations to this action that are amicable to both parties. Defendant will come anytime to the table to discuss the possibility of a settlement agreement in order to save time and resources of both parties. The Plaintiff respectfully moves the court to order this case to Rule 16 and or Rule 26 (f) (Discovery) in these matters.

Respectfully submitted this 8th day of August 2011.

*LAWRENCE SACCATO*
Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284
ljsaccato@gmail

Page -6-

# CERTIFICATE OF SERVICE

I hereby certify that a copies of the forgoing Plaintiff's Motion in Opposition to Dismiss, and Motion for Summary Judgment in Case # 10-06244-HO, was sent by USPS First Class Mail with postage prepaid through the United States Post Office to:

Brian Kiolbasa
Lane Powell P.C.
601 SW Second Ave,
Portland, Oregon 97204

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

They were deposited in the United States Post Office in Winston, Oregon on August 8, 2011.

*Lawrence Saccato*
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com