IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| LAWRENCE JAMES SACCATO | ) | CASE NO. 11-3002-HO |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| DISCOVER FINANCIAL SERVICES; | ) | |
| | ) | |
| Defendant. | ) | |

Introduction

*Pro se* plaintiff Lawrence Saccato (Saccato), alleges violations of the Fair Credit Reporting Act (FCRA)by defendants Zwicker and Associates (Zwicker), a third party debt collector, and Discover Financial Services (Discover) and injunctive relief; "private attorney fees of $3,000"; actual damages of $95.000 and punitive damages of $75,000. [#1].

Upon reaching an "amicable settlement agreement", plaintiff moved to dismiss Zwicker, which this court granted on August 8,

ORDER - p.1

2011. [#20].

## Discussion

Defendant Discover, now moves to dismiss all remaining claims against it, asserting that the "applicable provisions of the FRCA do not provide plaintiff with a private cause of action." [#18-p.2]. Additionally, Discover argues that each of plaintiff's FCRA claims against it fail because: (1) there is no private right of action as asserted against Discover, authorized by the FCRA; (2) plaintiff has not alleged that any of the consumer reporting agencies (CRA) notified Discover of his purported disputes of the information contained in his credit report; and (3) plaintiff has not alleged facts which support his claims, but rather has simply recited portions of the FRCA concluding that he has been harmed. [#18-pp.4-5].

## Discussion

### 1. Motion to Dismiss Standard:

Under Fed. R. Civ. P. 8(a) a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require detailed factual allegations but does demand more than "an unadorned the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937; 1950 (2009).

To survive a motion to dismiss, a complaint must therefore contain sufficient facts which, accepted as true, "state a claim

to relief that is plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.,* at 556. The plausibility standard is not akin to a "probability requirement," but does require more than a sheer possibility that a defendant has acted unlawfully. *Id.* This standard holds true even under the liberal construction afforded a *pro se* litigant's pleadings. *Hebbe v. Pliler,* 627 F.3d 338 ,342 (9th Cir. 2010).

2. Facts as pleaded:

Plaintiff alleges that on or about November 13, 2009, April 26, 2010 and November 17, 2010, after reviewing copies of his credit report, he sent letters of dispute to Discover as well as three CRAs. [#1-p.2]. To date, Discover has not responded to plaintiff's letters. [#1-p.4]. The three CRAs responded to plaintiff that after investigation, they were reporting the information correctly. *Id.* Plaintiff settled with and dismissed his first two claims against Zwicker (the third party collection agency) and now brings his remaining claims against defendant Discover alone. [#1-pp.5-7; 20].

3. Violations of FRCA:

Plaintiff alleges that defendant Discover "(r)eport(ed) erroneous and inaccurate information" in plaintiffs credit report

ORDER - p.3

which, when notified of plaintiff's disputation, Discover failed to "mark Plaintiff's credit report in dispute". [#1-pp.5-6, Counts II and IV]. Plaintiff further argues that defendant "negligently and/or wantonly hired . . . incompetent debt collectors and credit reporting personnel . . . ." [#1-p.6, Count V].

Plaintiff contends he has a private right of action under the provisions of 15 U.S.C. §1681s-2. [#22-pp.5-6]. Plaintiff further asserts that the instant matter is not "about any alleged debt, but the information and methods that Discover reported and didn't report into Plaintiff's credit reports and it's lack of having the proper systems in place to prevent errors." [#22-p.6].

Defendant Discover admits it qualifies as a "furnisher of information" as defined by the FCRA. [#18-p.6]. However, defendant asserts that plaintiff's claims fall under section 1681s-2(a), which gives the Federal Trade Commission (FTC) exclusive enforcement power and thus, affords no statutory authority for a private right of action. [#18-p.7]. Discover argues that even if plaintiff's cause of action were tenable, there is no statutory obligation that a furnisher report to the consumer rather, the furnisher has a statutory duty to conduct an investigation with respect to the disputed information when contacted by the consumer reporting agency (CRA); to review the allegations and report its findings to the CRA. [#27-p.4 citing

4 - Bench Memo

15 U.S.C. §1681s-2(b)]. Discover therefore concludes that plaintiff has failed to state a claim.

Section 1681s-2(a)(1) prohibits furnishing information relating to a consumer to any consumer reporting agency (CRA) if the person reporting the information has knowledge or reasonable cause to believe the information is inaccurate, or if the person has been notified by the consumer that the information is inaccurate and the information is, in fact, inaccurate. 15 U.S.C. §§ 1681s-2(a)(1)(A),(B). Section 1681s-2(a) permits suit against a furnisher of credit information by governmental bodies. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). Sections 1681s-2(b),n and o, do provide a right of private action, however, that private action must pass through the filtering process provided by Congress. *Id.*

The filtering mechanism provides that the disputing consumer must notify a CRA of the dispute. 15 U.S.C. § 1681s-2(b). The CRA has an obligation to investigate whether the claim is frivolous or irrelevant. 15 U.S.C. §1681i(a)(3). The furnisher's duty to investigate arises when it receives notice of the dispute from the CRAs, rather than when directly contacted by a disputing consumer. *Nelson*, 282 F.3d at 1060.

Under this statutory scheme, a plaintiff states a claim by alleging they (1) contacted the CRA(s) who (2) determined the claim was viable and (3) so contacted the furnisher thereby

5 - Bench Memo

triggering the furnisher's duty to investigate. *Roybal v. Equifax,* 405 F.Supp.2d 1177, 1179-80 (E.D.Cal. 2005). Plaintiff has not so alleged. As plaintiff states in his complaint, the CRAs he contacted did not find that his disputes were viable. 15 U.S.C. § 1681s-2(a)(3)(CRA may terminate investigation of a dispute if the CRA reasonably determines the consumer's dispute is frivolous or irrelevant.). Thus, Discover did not have a duty to respond to plaintiff's letters of dispute.

## Conclusion

Defendant Discover's Motion to Dismiss [#17] is GRANTED. This action is dismissed.

IT IS SO ORDERED

DATED this __27th__ day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE

6 - Bench Memo