IN THE UNITED STATES DISTRICT COURT
FOR OREGON EUGENE DIVISION

HONORABLE JUDGE MICHAEL R. HOGAN

| | |
|---|---|
| LAWRENCE JAMES SACCATO, § | |
| § | CIVIL ACTION NO. 11-3002-HO |
| Plaintiff, ProSe' § | |
| § | MOTION TO ALTER OR AMEND |
| § | ORDER AND/OR MOTION |
| § | FOR RECONSIDERATION |
| Vs. § | |
| § | |
| § | |
| DISCOVER FINANCIAL SERVICES, § | |
| § | (Unlawful Fair Credit Reporting |
| § | 15 USC §1681, *et seq)* |
| Defendant, § | |

## MOTION TO RECONSIDER JUDGMENT (FRCP 59 (e))

Plaintiff, Lawrence James Saccato, ProSe' hereby moves pursuant to F.R.C.P. 59(e), that this Court alter or amend its Order filed September 27, 2011, and for reconsideration of that Order, with regard to the rulings on Plaintiff's claim of action against the Defendants Discover under 15 USC §1681, *et seq* in that Order.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

The Court apparently did not take note and consideration that the new laws enacted by the Federal Trade Commission in 2010 allowing the consumer to dispute directly with the creditor which Plaintiff did on multiple occasions. (See Plaintiff's Amended Complaint Document #6, page ID 30, Para. 10), and Order (Document 32 Page ID# 128 Para 2) Facts as Pleaded.

Page -1-

Although disputes were sent to the Credit Reporting Agencies, they were also sent directly to the Defendant Discover on or about the same timed the Plaintiff has proof of delivery via USPS certified mailings that can be produced. The Defendant, Discover did not conduct an investigation and report its findings to the CRA's and to the Consumer as required under 16 CFR 660.

## II.

The Court has stated in its memorandum that the elements of the filtering mechanism that provided that the disputing consumer must notify a CRA of the dispute, (which Plaintiff did on several occasions).... "The Furnishers duty to investigate arises when it receives notice of the dispute from the CRA's rather than when directly contacted by a disputing consumer. Nelson, 282 F.3d at 1060". Prior to 2010 the Courts position would be correct, however the Rules have changed significantly and allow the Consumer to **dispute directly with the furnishers** as evidenced below. The Furnishers are required upon receiving a notice of dispute to **conduct an investigation and report the findings back to the consumer**,

## Federal Trade Commission

**16 CFR Part 660, Procedures To Enhance the Accuracy and Integrity of Information Furnished to Consumer Reporting Agencies Under Section 312 of the Fair and Accurate Credit Transactions Act; Final Rule; Guidelines for Furnishers of Information to Consumer Reporting Agencies; (http://www.ftc.gov/os/2009/07/R611017factafrn.pdf)**

The OCC, Federal Reserve Board, FDIC, OTS, NCUA, and the FTC (Agencies) issued a joint final rule (Final Rule) under Section 312 of the Fair and Accurate Credit Transactions Act of 2003 (FACT Act), which amends the Fair Credit Reporting Act (FCRA). Section 623 of the FCRA describes the responsibilities of persons that furnish information about consumers (furnishers) to credit reporting agencies (CRAs).

The Final Rule addresses the accuracy and integrity of reported information and furnishers' <u>responsibility to reinvestigate disputes based on direct disputes from consumers</u>. Furnishers are also required to establish policies and procedures to implement the requirements.

### Direct Dispute/Investigation

A furnisher is now required to conduct a reasonable investigation if a consumer directly disputes certain information contained in a consumer report. "Direct dispute" means a dispute submitted directly to a furnisher (including a furnisher that is a debt collector) by a consumer concerning the accuracy of any information contained in a consumer report and pertaining to an account or other relationship that the furnisher has or had with the consumer. A furnisher is required to conduct a reasonable investigation if the dispute relates to:

- the consumer's liability for a credit account or other debt with the furnisher, such as direct disputes relating to whether there is or has been identity theft or fraud against the consumer, whether there is individual or joint liability on an account, or whether the consumer is an authorized user of a credit account;

- the terms of a credit account or other debt with the furnisher, such as direct disputes relating to the type of account, principal balance, scheduled payment amount on an account, or the amount of the credit limit on an open-end account;

- after receiving the notice, the furnisher must conduct a reasonable investigation and review the relevant information provided. The investigation must be **completed and reported to the consumer** within the same period that a CRA is subject to under its reinvestigation duty (30 days with a possible extra 15 days) [4]. If the investigation results in a finding that the information reported was inaccurate, the furnisher must promptly notify each CRA to which the furnisher provided the information and provide any correction necessary to make the information accurate.

## III.

The CRA's reported that they were reporting the information correctly is only additional evidence for the Plaintiffs claim, as the Defendants (Furnisher) failure to mark the trade lines in dispute as required and further conclude that the Defendant (furnisher) **did not** conduct an investigation into the dispute. The Defendant failed to do the required investigation and report the findings to the CRA's and to the Consumer (Plaintiff), a requirement under the new FTC rules. Plaintiff has never received any results of the required investigation from the Defendant, Discover. We do not even know whether the required investigation was conducted as required, This is precisely what was plead by the Plaintiff in his amended complaint ( Document #6 , page ID 30, Paragraph 13 & 15), and is the very element that gives the Plaintiff the private right of action under 1681s-2 (n)(o) willful noncompliance and negligent non-compliance.

The Federal Trade Commission also recognizes, however, the importance of private enforcement actions as a vital additional means of securing compliance with the FCRA's requirements. Congress has provided broad authority for consumers to seek damages for the violation of the FCRA by "**any person**." 15 U.S.C.§§ 1681n, 1681o.

As in any matter of statutory interpretation, the inquiry begins (and often ends) "with the plain meaning of the statute's language." *See Botosan v. Paul McNally Realty*, __ F.3d __, 2000 WL 781015 at *3 (9th Cir. June 20, 2000) (citing *United States v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994)). Where, as here, Congress has clearly and expressly provided for a private right of action, no prior case law is necessary. In the present case, the language creating the private cause of action could hardly be more clear. Sections 616 and 617 of the Act, 15 U.S.C. §§ 1681n, 1681o, expressly create private damage actions for, respectively, willful and negligent violations of the FCRA.

In Nelson v Chase Manhattan Mortgage Corporation, appealed the order of dismissal of The United States District Court for the District of Nevada, and the Federal Trade Commission filed an *AMICUS CURIAE* brief supporting the appelant,No. 00-15946, The brief urging and ultimately helping obtain a **reversal and remand** clearly illiterates the FTC's intent and purpose for the adoption of the new rules.

## IV.

## SUPPORT FOR MOTION TO RECONSIDER

A motion to reconsider is available to correct manifest errors of law and fact, or to present newly discovered evidence. Wolves v. National Railroad Passenger Corp., 1990 WL 84519, at *1 (N.D. Ill. 1990) (not reported in F. Supp.) (citing Publisher's Resource Inc. v. Walker-David Publications, Inc., 726 F.2d 557, 561 (7th Cir. 1985)). A motion to reconsider should be used neither to introduce new evidence that was available during original consideration, nor to introduce new legal theories. Calderon v. Reno, 56 F.Supp.2d 997, 998 (N.D. Ill. 1999) (citing Publisher's Resource, 762 F.2d at 561)).

A motion to reconsider a remand order is proper "where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, which made an error not of reasoning but of apprehension." Calderon, 56 F.Supp. 2d at 999 (citing Bank of Waunake v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." State Bank of India v. Commercial Steel Corp., 2001 WL 423001, at *2 (N.D.Ill. 2001) (not reported in F.Supp.2d).

## V.

In closing, the change in the relevant law by the FTC allowing the Consumer the ability to **dispute directly with the Provider** is a significant change and appears to have been overlooked by the Court. There has been no offer of proof submitted by the Defendant that it conduced the required investigation when the dispute was received, and report the findings to the Plaintiff.

The Court's not being aware of the relevant changes to the FTC's rules governing credit providers may have impacted it's decision in the Order of Dismissal. The facts plead into the record by the Plaintiff clearly identify his private cause(s) of action against the Defendant under 1681s-2 (n) (o) for wilful non-compliance and negligent non-compliance ( Document #6 , page ID 30, Paragraph(s) 13 & 15).

The dismissal of the case is premature at minimum, as the elements presented before the court in the Plaintiffs amended complaint have merit to meet the threshold to be properly and justly adjudicated. There clearly remains a controversy before the Court in which relief can be granted and the Plaintiff has properly plead his causes(s) of action ( Document #6 , page ID 30, Paragraph(s) 13 & 15).

The Plaintiff moves the Court based on the information above, to reconsider and reverse its Order of Dismissal, dated September 27, 2011, and move the case forward to Discovery (26(f)).

Respectfully submitted this 4th day of October 2011.

*Lawrence Saccato*

Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284
ljsaccato@gmail

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing Plaintiff's MOTION TO ALTER OR AMEND ORDER AND/OR MOTION FOR RECONSIDERATION in Case # 11-03002-HO, was sent by USPS First Class Mail with postage prepaid through the United States Post Office to:

Brian Kiolbasa
Lane Powell P.C.
601 SW Second Ave,
Portland, Oregon 97204

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

It was deposited in the United States Post Office in Winston, Oregon on October 4, 2011.

*Lawrence Saccato*
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com