IN THE UNITED STATES DISTRICT COURT
FOR OREGON EUGENE DIVISION

HONORABLE JUDGE MICHAEL R. HOGAN

| | |
|---|---|
| LAWRENCE JAMES SACCATO, § | |
| § | CIVIL ACTION NO. 11-3002-HO |
| Plaintiff, ProSe' § | |
| § | RESPONSE TO DEFENDANT |
| § | DISCOVER FINANCIAL SERVICES |
| § | RESPONSE TO PLAINTIFF'S MOTION |
| Vs. § | TO ALTER OR AMEND ORDER AND |
| § | OR MOTION TO RECONSIDER |
| § | |
| DISCOVER FINANCIAL SERVICES, § | |
| § | (Unlawful Fair Credit Reporting |
| § | 15 USC §1681, *et seq)* |
| Defendant, § | |

## RESPONSE TO DEFENDANT DISCOVER FINANCIAL SERVICES RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER AND OR MOTION TO RECONSIDER

Plaintiff, Lawrence James Saccato, ProSe' hereby asserts that he made a good faith effort and did conferred with Defendants Counsel, Brian T. Kiolbasa prior to filing this response .

## RESPONSE TO DEFENDANTS ARGUMENT

### I.

Defendant complains that the Plaintiff did not confer with counsel for Discover prior to filing the Motion to Amend or Reconsider pursuant to LR 7-1.

Page -1-

## INTRODUCTION

## II.

Defendant filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. (ECF Docs. 17, 18) Plaintiff responded to Discover's motion on August 22, 2011 with a Motion in Opposition of Defendants Motion to Dismiss (ECF Doc.22.). The Court issued an Order of Dismissal in favor of the Defendant, Discover. (ECF Docs. 32, 33). Plaintiff filed a Motion to Amend/reconsider (ECF Doc. 35). Defendant filed a response to the motion to reconsider (ECF Doc 36).

## ARGUMENT

## III.

**A.** Defendant complains that Plaintiff failed to confer with him pursuant to LR 7-1. It is unreasonable to conclude that the Plaintiff could resolve a dispute over an Order of Dismissal granted by the Court with the Defendant's Counsel. The dispute was with the Court at this point and not the Defendant. Does the Defendant's Counsel believe that had the Plaintiff conferred with him that he would have asked the Court to reverse the Order of Dismissal and proceed to Discovery?

The dispute with the Court regarding the Order of Dismissal and rejection of the Plaintiffs Motion to Dismiss was that the Court lacked a clear understand the Plaintiffs intent which was properly plead in his amended complaint. Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn therefrom. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683 (1974); *Miree v. Dekalb County, Georgia*, 433 U.S. 25, 97 S.Ct. 2490 (1977).

Page -2-

A single violation is sufficient to support judgment for the consumer. Cacace v.Lucas, 775 F.Supp. 502, 505 (D.Conn. 1990); Supan v. Medical Bureau of Economics, Inc., 785 F.Supp. 304, 305 (D.Conn. 1991).

**B.** Defendant sites "A rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the litigation. *Kona Enterprises, Inc v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)*. The Plaintiff **was not** trying to submit new evidence into the case, but instead to help the Court to better understand the FCRA, 15 U.S.C. § 1681 et seq. and the Consumers private right of action under such. *Erickson v. Pardus,* 127 S. Ct. 2197 (2007), the Supreme Court sounded a permissive chord. and stressed the ***pro se*** status of the plaintiff in *Erickson* — a far cry from the highly sophisticated antitrust counsel in *Bell Atlantic*: The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is " to be liberally construed," *Estelle [v. Gamble]*, 429 U.S. [97] at 106, 97 S.Ct. 285, and " a pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) (" All pleadings shall be so construed as to do substantial justice" ).

**And,** Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... the claim and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, ----, 127 S.Ct. 1955, --- L.Ed.2d ----, ---- - ---- (2007) (slip op., at 7- (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

**C.** Defendant claims that Plaintiff has not demonstrated any reason why the Court should reconsider, alter or amend its decision because the regulations cited by Plaintiff were not raised by Plaintiff in the Nine Months his Lawsuit was pending.

The Defendants complaining of this issue also falls short, as Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. *Neizil v. Williams*, 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); *Ambling v. Blackstone Cattle Co.*, 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987).

The complaint must be in general terms and need not be stated within a framework of a cause of action. *Stanley v. Harper Buffing Machine Co.*, 28 F.R.D. 579 (U.S.D.C. Conn. 1961). Legal conclusions or statements of law must not be alleged in the complaint. *Curacao Trading Co. v. Fed. Ins. Co.*, 3 F.R.D. 203 (U.S.D.C. N.Y. 1942). Further, plaintiff need not allege a theory of action. *Id.* Plaintiff need not specify under what law(s) her case arises. *Ghebreslassie v. Coleman Secur. Svc.*, 829 F.2d 892 (9th Cir. 1987).

The Plaintiff was not attempting to interject new evidence by providing the updated FTC rulings or the Amicus brief submitted by the FTC in the Nelson case but was trying to help the Court better understand the requirements of the Defendant under the regulations of 15 USC §1681, *et seq.*

**D.** The Defendant further states " Even if the regulation is Considered, Plaintiff has failed to plead sufficient facts to render it worthy of consideration, and the outcome would be unchanged". Defendant alleged that Plaintiff did not provide pertinent facts such as when it was received, what address it was sent to, or who purportedly accepted it. (Motion p. 2).

Page -4-

Plaintiff in his amended complaint clearly defined his causes of action(s), **Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n]**, (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer (Para 13) and for **Civil liability for negligent noncompliance [15 U.S.C. § 1681o]** (a) In general. Any person who is <u>**negligent in failing to comply**</u> with any requirement imposed under this title with respect to any consumer is liable to that consumer (Para 15).

The complaint must be in general terms and need not be stated within a framework of a cause of action. *Stanley v. Harper Buffing Machine Co.*, 28 F.R.D. 579 (U.S.D.C. Conn. 1961). The CRA's reported that they were reporting the information correctly is only additional evidence for the Plaintiffs claim, as the CRA's failure to mark the trade lines in dispute as required conclude that the (Defendant) provider did not conduct an investigation into the dispute. The Defendant failed to do the required investigation and report the findings to the CRA's and to the Consumer (Plaintiff), a requirement under the new FTC rules. Plaintiff has never received any results of the required investigation from the Defendant, Discover. We do not even know whether the required investigation was conducted as required , This is precisely what was plead by the Plaintiff in his amended complaint ( Document #6 , page ID 30, Paragraph 13 & 15), and is the very element that gives the Plaintiff the private right of action under 1681s-2 (n)(o) willful noncompliance and negligent non-compliance.

  As in any matter of statutory interpretation, the inquiry begins (and often ends) "with the plain meaning of the statute's language." *See Botosan v. Paul McNally Realty*, __ F.3d __, 2000 WL 781015 at *3 (9th Cir. June 20, 2000) (citing *United States v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994)). Where, as here, Congress has clearly and expressly provided for a private right of action, no prior case law is necessary. In the present case, the language creating the private cause of action could hardly be more clear. Sections 616 and 617 of the Act, 15 U.S.C. §§ 1681n, 1681o, expressly create private damage actions for, respectively, willful and negligent violations of the FCRA.

## IV.
## SUPPORT FOR MOTION TO RECONSIDER

A motion to reconsider is available to correct manifest errors of law and fact, or to present newly discovered evidence. Wolves v. National Railroad Passenger Corp., 1990 WL 84519, at *1 (N.D. Ill. 1990) (not reported in F. Supp.) (citing Publisher's Resource Inc. v. Walker-David Publications, Inc., 726 F.2d 557, 561 (7th Cir. 1985)). A motion to reconsider should be used neither to introduce new evidence that was available during original consideration, nor to introduce new legal theories. Calderon v. Reno, 56 F.Supp.2d 997, 998 (N.D. Ill. 1999) (citing Publisher's Resource, 762 F.2d at 561)).

A motion to reconsider a remand order is proper "where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, which made an error not of reasoning but of apprehension." Calderon, 56 F.Supp. 2d at 999 (citing Bank of Waunake v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." State Bank of India v. Commercial Steel Corp., 2001 WL 423001, at *2 (N.D.Ill. 2001) (not reported in F.Supp.2d).

## V.
## CONCLUSION

In closing, the change in the relevant law by the FTC allowing the Consumer the ability to dispute directly with the Provider is a significant element in this case and may have been overlooked by the Court. There has been no offer of proof submitted by the Defendant that it did conduct the required investigation when the dispute was received from the Plaintiff. In addition the continuous assertion that the Plaintiff is incorrectly naming the Defendant as "Discover Financial Services" as opposed to "Discovery Products Inc" is yet additional evidence that the Defendant's violation of the FCRA, has wilfully and negligently reported erroneous and inaccurate information.

The order of dismissal of the case is premature as the pleadings as well as the admissions by the Defendant that have been presented to the court in the Defendants response clearly illiterates that a dispute remains before the Court which relief can be granted. Plaintiff pro se, has met the necessary threshold for his complaint ( Document #6 , page ID 30, Paragraph(s) 13 & 15). The Plaintiff has met the required elements to proceed forward and the Order of Dismissal is ripe for amendment and or alteration.

The Plaintiff moves the Court based on the information previously presented before it in this case and above, to reconsider and reverse its Order of Dismissal, dated September 27, 2011, and move the case forward to Discovery (26(f)) or in the alternative grant permission for the Plaintiff amend his complaint with a more clear and definite statement as to the Defendants FCRA violations. .

Respectfully submitted this 28th day of October 2011.

*LAWRENCE SACCATO*

Plaintiff ProSe'
Lawrence James Saccato
6387 Old Hwy 99S
Roseburg, Oregon 97471
541-784-2284
ljsaccato@gmail

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing Plaintiff's RESPONSE TO DEFENDANT DISCOVER FINANCIAL SERVICES RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER ANDOR MOTION TO RECONSIDER in Case # 11-03002-HO, was sent by USPS First Class Mail with postage prepaid through the United States Post Office to:

Brian Kiolbasa
Lane Powell P.C.
601 SW Second Ave,
Portland, Oregon 97204

Clerk of the Court
Wayne L. Morse
United States Courthouse
405 East Eighth Avenue
Eugene, Oregon 97401

It was deposited in the United States Post Office in Winston, Oregon on October 28, 2011.

*LAWRENCE SACCATO*
Lawrence James Saccato, Plaintiff
c/o 6387 Old Highway 99 S
Roseburg, Oregon 97471
541-784-2284 mess.
ljsaccato@gmail.com