IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| LAWRENCE JAMES SACCATO, | ) | CASE NO. 11-3002-HO |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| DISCOVER FINANCIAL SERVICES; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Introduction

*Pro se* plaintiff Lawrence Saccato's (Saccato), allegations of violations of the Fair Credit Reporting Act (FCRA) by Discover Financial Services (Discover) were dismissed by this court on September 27, 2011. [#32]. Plaintiff now moves for reconsideration. [#35].

## Discussion

Reconsideration is only indicated in the face of new evidence, an intervening change in the law, or as necessary to

ORDER - p.1

prevent manifest injustice. *Mustafa v. Clark County Sch Distr.*, 157 F.3d 1169, 1178-79 (9th Cir 1998).

A motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to reverse its prior decision. *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D.Haw 1996). Whether to grant the motion is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes & Bands of Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff contends that the court erred in failing to consider that the Federal Trade Commission enacted a regulations in 2010, that requires furnishers of credit information to conduct an investigation and report results directly to consumers. [#35].

Discover responds that even considering plaintiff's letter allegedly sent on November 17, 2010, to which the new regulation would apply, and assuming that letter qualified as raising a direct dispute, the regulation allows Discover to disregard it if the furnisher has reasonably determined the dispute is frivolous or irrelevant i.e., lacking sufficient information or substantially the same as previous disputes submitted to either the furnisher or a credit reporting agency (CRA). [#36-pp.5-7; 16 C.F.R. § 660.4(f)(i)-(ii)]. Discover therefore concludes that

ORDER - p.2

plaintiff's action should be dismissed even if the court had specifically considered the regulation. [#36].

Plaintiff's complaint plainly states that the Consumer Reporting Agencies (CRA), he contacted did not find his disputes viable. Plaintiff has submitted no new evidence to support his allegations that the one letter allegedly submitted after the new regulation was in place, triggered Discover's duty to investigate and directly respond to him.

## Conclusion

Plaintiff's Motion to Reconsider [#35] is DENIED. This action is dismissed. [#32]

IT IS SO ORDERED.

DATED this __17th__ day of December, 2011

_Michael R. Hogan_
UNITED STATES DISTRICT JUDGE

ORDER - p.3